UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

PATRICIA ELIZABETH JAMES, ET AL

VERSUS

HAVEN HOMES SOUTHEAST, INC., ET AL

CIVIL ACTION

NO. 08-770-JJB-CN

## RULING ON DEFENDANT'S MOTION IN LIMINE TO EXCLUDE PROPOSED TRIAL EXHIBITS

This matter is before the Court on Defendant The Haven Group, Inc.'s Motion (doc. 56) in Limine to Exclude Proposed Trial Exhibits. Plaintiffs have filed an opposition (doc. 57). This Court's jurisdiction exists pursuant to 28 U.S.C. § 1332. For the reasons stated herein, the Court GRANTS Defendant's motion, in part, and DENIES Defendant's motion, in part.

### Factual Background

On October 31, 2010, Plaintiffs Patricia Elizabeth James and the Patricia Elizabeth James Trust filed suit against The Haven Group, Inc. ("Defendant") and Pella Corp. ("Pella") (doc. 1). Plaintiffs allege that (1) Pella negligently manufactured windows which were later installed in James' home; and (2) that Haven breached its warranty obligations by failing to manufacture and/or install the windows and other components of the home in a workmanlike manner; and that these failures caused James' home to leak, resulting in significant damage (doc. 1).

1

On February 4, 2011, Defendant filed its Motion (doc. 56) in Limine to Exclude Proposed Trial Exhibits. At issue are exhibits 1, 2, 4, 5, 6, 8, 11, 12, 20, 21, 23, 24, 25, 50, 51 and 59.[1] Defendant claims that (1) exhibits 1, 4, 5, 6, 11 and 12 are demonstrative exhibits and should be excluded because they would confuse the jury and unfairly prejudice Defendant; (2) exhibit 2 should be excluded because it is irrelevant; (3) exhibits 8, 20, 24, 50, 51 and 59 should be excluded because they were not produced in discovery; and (4) exhibits 21, 23 and 25 should be excluded as hearsay (doc. 56).

On February 24, 2011, Plaintiffs filed their motion (doc. 57) in opposition. Plaintiffs assert that (1) exhibits 1, 4, 5, 6 will not confuse the jury or prejudice Defendant and that 11 and 12 are admissible as "summary exhibits;" (2) exhibit 2 is relevant; and (3) exhibits 8, 20, 50 and 51 were in fact produced to Defendant, exhibit 24 was already in Defendant's possession and exhibit 59 was not produced because it was and is not yet complete (doc. 57). Plaintiff also concedes that exhibits 21, 23 and 25 should be excluded as hearsay (doc. 57).

---

[1] The contested exhibits are:
- Exhibit 1 – "Sample of Pella Window"
- Exhibit 2 – "Pella Corporation installation instruction for windows"
- Exhibit 4 – "Model of James House"
- Exhibit 5 – "Model of window installed pursuant to manufacturer's instructions"
- Exhibit 6 – "Model of window as installed by Haven"
- Exhibit 8 – "Photograph of correctly installed windows taken by Brian Bockman"
- Exhibit 11 – "Summary exhibit time line"
- Exhibit 12 – "Summary exhibit of damage calculation"
- Exhibit 20 – "Photograph of stain leak in September 2010"
- Exhibit 24 – "Chaisson Building Inspection Services, Inc. Invoice dated 9/30/08"
- Exhibit 50 – "Eldorado Stone quote dated 5/12/09"
- Exhibit 51 – "Pella Proposal No. 4098374 dated 5/13/09"
- Exhibit 59 – "In voices from Stephen Fleishmann, Sidney Chaisson and Bockman Forbes + Glasgow for expert fees"

## Discussion

**I. Demonstrative and summary exhibits**

Defendant asserts that exhibits 1 ("Sample of Pella Window"); 4 ("Model of James House"); 5 ("Model of window installed pursuant to manufacturer's instructions"); 6 ("Model of window as installed by Haven"); 11 ("Summary exhibit time line") and 12 ("Summary exhibit of damage calculation") are demonstrative exhibits and should be excluded because they would confuse the jury and unfairly prejudice Haven (doc. 56). Defendant also asserts that Plaintiffs' exhibits are demonstrative and may be used at trial for illustrative purposes, but may not be admitted into evidence (doc. 56).

Plaintiffs assert that (1) exhibits 1, 4, 5 and 6 should be admitted as demonstrative aids, and that any jury confusion or prejudice to Defendant will be adequately avoided by an appropriate jury instruction (doc. 57); and (2) exhibits 11 and 12 are "summary exhibits" and should be admitted to illustrate Plaintiffs' experts' testimony as to the timeline of events and calculation of damages (doc. 57).

Generally speaking, evidence that is relevant is admissible but may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 401 & 403. The federal district courts have significant discretion to determine whether a particular demonstrative aid will indeed be helpful or cause confusion or prejudice under Rule 403. Kenneth S. Broun, McCormick on Evidence § 214

3

(2009); see also Barnes v. Gen. Motors Corp., 547 F.2d 275, 277 (5th Cir. 1977) (applying Fed. R. Evid. 401 & 403 to demonstrative evidence). However, the United States Court of Appeals for the Fifth Circuit has held that demonstrative aids may be used at trial to assist the jury in understanding the evidence presented, but may not themselves be admitted as exhibits. See, e.g., United States v. Buck, 324 F.3d 786, 791 (5th Cir. 2003) ("It was proper for the diagram to be shown to the jury to assist in its understanding of testimony and documents that had been produced, but the diagram should not have been admitted as an exhibit or taken to the jury room.").

In addition, according to Federal Rule of Evidence 1006, "[t]he contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation." Such "summary exhibits" are admissible so long as the evidence they purport to summarize is admissible under the Federal Rules of Evidence and the offering party lays the requisite foundation establishing the accuracy of the exhibit. 4 Michael H. Graham, Handbook of Federal Evidence § 1006:1 (6th ed. 2010); see also Vasey v. Martin Marietta Corp., 29 F.3d 1460, 1468 (10th Cir. 1994) ("However, '[b]efore submitting summaries or charts for a jury's inspection, . . .[c]are must be taken to insure [the] summaries accurately reflect the contents of the underlying documents.'"); Davis & Cox v. Summa Corp., 751 F.2d 1507, 1516 (9th Cir. 1985) (upholding trial judge's refusal to admit a summary exhibit where the compilation did not "fairly represent" the underlying evidence).

The Court finds that exhibits 1, 4, 5 and 6 are demonstrative aids and therefore inadmissible as exhibits. *Buck*, 324 F.3d at 791. However, the Court finds that exhibits 11 and 12 are "summary exhibits" which are admissible, so long as Plaintiffs lay the proper foundation for their accuracy either prior to, or at trial.

## II. Rele vance

Defendant asserts that exhibit 2—a 2009 version of Pella's installation instructions—is irrelevant because the windows were installed in James' home sometime between August and October of 2007 (doc. 56). Plaintiffs assert that Defendant mistakenly assumed that exhibit 2 is the 2009 version, when in fact it is the installation instructions that were in effect during the relevant period (doc. 57). Plaintiff further asserts that Pella's 2005, 2006, 2007, 2008 and 2009 instructions are, nonetheless, completely identical (doc. 57).

Generally speaking, evidence that is relevant—that is, evidence that has the tendency to make the existence of a material fact more or less probable than it would be without the evidence—is admissible. Fed. R. Evid. 401 & 402.

The Court finds that exhibit 2 is admissible. Exhibit 2 is the version of Pella's installation instructions that would have been in effect at the time Defendant installed the windows. Plaintiffs have presumably offered Pella's installation instructions to support its claim that Defendant failed to install the windows in a workmanlike manner. Defendant's failure to follow Pella's instructions makes a finding that Defendant failed to adhere to an appropriate

standard of workmanship more probable than it would be without the evidence. Therefore, exhibit 2 is admissible.

### III. Materials not produced during discovery

Defendant asserts that exhibits 8, 20, 24, 50, 51, and 59 should not be admitted into evidence because they were not produced during discovery (doc. 56). Plaintiffs assert that exhibits 8, 20, 50 and 51 were already produced to Defendant. Plaintiffs further assert that exhibit 24—an invoice from Sidney Chaisson who was hired by Defendant to inspect Plaintiffs window leaks—is in Defendant's possession, and therefore Plaintiffs' failure to produce the document is harmless (doc. 57). Lastly, Plaintiff asserts that exhibit 59—invoices from Plaintiffs' experts, Stephen Fleishman, Sidney Chaisson, and Bockman Forbes + Glasgow—is incomplete because these experts have not completed their services, and that it will be produced if Plaintiffs' prevail at trial and are entitled to recover expert fees (doc. 57).

According to Federal Rule of Civil Procedure 37(c), "[i]f a party fails to provide information . . . as required by Rule 26(a) or 26(e), the party is not allowed to use that information . . . at a trial, unless the failure was substantially justified or is harmless." *See also In re FEMA Trailer Formaldehyde Prods. Liab. Litg.*, 2008 WL 2914384, at *1 (E.D. La. September 3, 2009) (granting a Motion in Limine to exclude evidence not produced during discovery following a proper

request).[2] Moreover, the proponent of evidence bears the burden of establishing that the evidence is admissible under the Federal Rules of Evidence by a preponderance of the evidence. *Bourjaily v. United States*, 483 U.S. 171, 175-76 (1987). As such, a party who claims that evidence was produced in accordance with Rule 26 bears the burden of establishing so. *Fortenberry v. Atwood Oceanics, Inc.*, 2001 WL 121902, at *3 (E.D. La. February 9, 2001) ("The Court has absolutely no way . . . to evaluate whether these tapes were produced in discovery. The Plaintiff says they were not, the Defendant says they were. . . . [A]s the party seeking to introduce the tapes into evidence, [Defendant] bears the burden of establishing their admissibility. [Defendant], therefore, should be prepared to prove to the Court that the tapes were produced.").

The Court finds that exhibit 20 should be admitted because it was produced to Defendant in an email dated November 18, 2010 (doc. 57, ex. F). The Court also finds that exhibit 24 should be admitted because it is an invoice for inspection services paid for by Defendant, and should be in Defendant's possession. As such Plaintiffs' failure to produce the document was harmless.

However, the Court finds that exhibits 8, 50, 51 and 59 are inadmissible. Exhibits 8, 50 and 51 are inadmissible because Plaintiffs have offered nothing to establish that the documents were produced. As to exhibit 8, Plaintiffs simply

---

[2] Federal Rule of Civil Procedure 26(a) states that each party must provide the other parties with copies of all documents or tangible things "that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Federal Rule of Civil Procedure 26(e) states that a party must supplement or correct any disclosure's made under Rule 26(a) if party learns that the initial response is incomplete or incorrect.

state that "[the] photograph was not taken until late summer 2010 and was provided to counsel sometime thereafter" (doc. 57, p. 4). As to exhibits 50 and 51, Plaintiffs state that "[i]t is believed that these invoices were provided in connection with [a] mediation" between the parties because "Defendant's counsel used this information to question Ms. James and Plaintiffs' experts during deposition," but provide no evidence in support of their ultimate conclusion (doc. 57, p. 5). Thus, because Plaintiffs bear the burden of establishing that the documents were produced, and have not done so, exhibits 8, 50 and 51 may not be admitted. *Fortenberry*, 2001 WL 121902, at *3. Furthermore, exhibit 59 is presently inadmissible because it is incomplete and irrelevant, unless and until Plaintiff prevails.

### IV. Plaintiff's expert reports

Haven asserts that Plaintiffs' expert reports—exhibits 21, 23 and 25—should be excluded as hearsay (doc. 56). Plaintiffs concede that expert reports are not admissible when the experts themselves are available to testify. Therefore, the Court finds that exhibits 21, 23 and 25 are inadmissible.

## Conclusion

Accordingly, the Court hereby GRANTS Defendant's Motion (doc. 56) in Limine, in part, to exclude exhibits 1, 4, 5, 6, 8, 21, 23, 25, 50, 51 and 59. In addition, the Court DENIES Defendant's Motion (doc. 56) in Limine, in part, to exclude exhibits 2, 11, 12, 20 and 24.

Signed in Baton Rouge, Louisiana this 28th day of February 2011.

HONORABLE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUSIANA